IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

Civil Action No. 09-cv-01255-WDM-CBS

TRACY RODRIGUEZ,

     Plaintiff,

v.

RICHARD J. BOUDREAU & ASSOCIATES, LLC.,

     Defendant.

---

**ORDER SETTING RULE 16(b) SCHEDULING CONFERENCE AND
SETTLEMENT CONFERENCE**

---

This case has been referred to Magistrate Judge Craig B. Shaffer by Senior District Judge Walker D. Miller, pursuant to the Order of Reference filed June 2, 2008. *See* 28 U.S.C. §636(b)(1)(A) and (B) and FED.R.CIV.P. 72(a) and (b).

**IT IS HEREBY ORDERED:**

(1) The court shall hold a FED.R.CIV.P. 16(b) scheduling and planning conference; as well as conduct settlement discussions on

> **September 17, 2009 at
> 3:30 p.m. (Mountain Time)**

The conference shall be held in Courtroom A-402, Fourth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado. If this date is not convenient for any party[1], he or she shall confer with opposing parties and contact the court to reschedule the conference to a more convenient time. **Please remember that anyone seeking entry into the Alfred A. Arraj United States Courthouse will be required to show valid photo identification. See D.C.COLO.LCivR 83.2B.**

A copy of instructions for the preparation of a scheduling order and a form scheduling order can be downloaded from the Court's website at www.co.uscourts.gov/forms-frame.htm (Click on "Civil

---

[1] The term "party" as used in this Order means counsel for any party represented by a lawyer, and any *pro se* party not represented by a lawyer.

Forms" in the blue box at the top of the screen and scroll down to the bold heading "Standardized Order Forms"). Parties shall prepare the proposed scheduling order in accordance with the Court's form.

The parties shall submit their proposed scheduling order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures V.L., on or before:

> **5:00 p.m. (Mountain Time) on September 10, 2009**

Attorneys and/or *pro se* parties not participating in ECF shall submit their proposed scheduling order on paper to the Clerk's Office. However, if any party in the case is participating in ECF, it is the responsibility of that party to submit the proposed scheduling order pursuant to the District of Colorado ECF Procedures.

The plaintiff(s) shall notify all parties who have not yet entered an appearance of the date and time of the scheduling/planning conference, and shall provide a copy of this Order to those parties.

(2) In preparation for the scheduling/planning conference, the parties are directed to confer in accordance with FED.R.CIV.P. 26(f), on or before:

> **August 27, 2009**

The court strongly encourages the parties to meet face to face, but should that prove impossible, the parties may meet by telephone conference. All parties are jointly responsible for arranging and attending the Rule 26(f) meeting.

During the Rule 26(f) meeting, the parties shall discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, make or arrange for the disclosures required by FED.R.CIV.P. 26(a)(1), and develop their proposed scheduling/discovery plan. The parties should also discuss the possibility of informal discovery, such as conducting joint interviews with potential witnesses, joint meetings with clients, depositions via telephone, or exchanging documents outside of formal discovery.

In those cases in which: (i) the parties' substantive allegations involve extensive computer-generated records; (ii) a substantial amount of disclosure or discovery will involve information or records in electronic form (*i.e.,* e-mail, word processing, databases); (iii) expert witnesses will develop testimony based in large part on computer data and/or modeling; or (iv) any party plans to present a substantial amount of evidence in digital form at trial, the parties shall confer regarding steps they can take to preserve computer records and data, facilitate computer-based discovery and who will pay costs, resolve privilege issues, limit discovery costs and delay, and avoid discovery disputes relating to electronic discovery. The parties shall be prepared to discuss these issues, as appropriate, in the proposed Scheduling Order and at the scheduling and planning conference.

These are the minimum requirements for the Rule 26(f) meeting. The parties are encouraged to have a comprehensive discussion and are required to approach the meeting cooperatively and in good faith. The parties are reminded that the purpose of the Rule 26(f) meeting is to expedite the disposition of the action, discourage wasteful pretrial activities, and improve the quality of any eventual trial through more thorough preparation. The discussion of claims and defenses shall be a substantive, meaningful discussion.

The parties are reminded that pursuant to FED.R.CIV.P. 26(d), no discovery shall be sought prior to the Rule 26(f) meeting.

(3) The parties shall comply with the mandatory disclosure requirements of FED.R.CIV.P. 26(a)(1) on or before:

**September 10, 2009**

Counsel and parties are reminded that mandatory disclosure requirements encompass computer-based evidence which may be used to support claims or defenses. Mandatory disclosures must be supplemented by the parties consistent with the requirements of FED.R.CIV.P. 26(e). Mandatory disclosures and supplementation are not to be filed with the Clerk of the Court.

(4) This matter also has been referred to Magistrate Judge Shaffer for settlement purposes and with the authority to convene such settlement conferences and direct related procedures as may facilitate resolution of this case. Given the amounts at issue in this case and the anticipated costs of conducting discovery, the court **will** conduct settlement discussions at the scheduling conference in this case. Therefore, parties are to submit respective confidential settlement statements on or before:

**September 10, 2009**

Each statement should contain the following:

1. A candid assessment of the of the case from the presenter's point of view;
2. A summary of the evidence which supports that side's claims;
3. Remarks toward any perceived weaknesses in the case;
4. Present a demand or offer each client will accept or pay in settlement *(including any essential non-economic terms)*; and
5. Any observations or additional information which would be helpful to the magistrate in assisting the parties to negotiate a settlement.

\*\*Parties are advised that a pro-forma or standard settlement memos are not helpful.\*\*

Parties participating in ECF may e-mail their Confidential Settlement Statement, not to exceed fifteen (15) pages (including any attachments), in PDF format to **Shaffer_Chambers@cod.uscourts.gov**.

Confidential settlements that are <u>over</u> fifteen (15) pages are to be submitted to the court as hard copies and shall be delivered to the office of the Clerk of the Court in an envelope marked "PRIVATE PER MAGISTRATE JUDGE SHAFFER'S ORDERS".

Counsel are **ORDERED** to have parties present who shall have **full authority** to negotiate *all* terms and demands presented by the case, and full authority to enter into a settlement agreement, including an adjustor if an insurance company is involved. "Full authority" means that the person who attends the settlement conference has the complete and unfettered capacity and authority to meet or pay all terms or amounts which are demanded or sought by the other side of the case without consulting with some other person, committee or agency.

No party shall be permitted to attend the settlement conference by phone, unless that party has obtained leave of court following the filing of an appropriate motion no later than five (5) business days prior to the settlement conference date.

No person is ever required to settle a case on any particular terms or amounts. However, if any person attends the settlement conference without full authority, and the case fails to settle, that party may be ordered to pay the attorneys' fees and costs for the other side.

(5) All parties are expected to be familiar with the United States District Court for the District of Colorado Local Rules of Practice (D.C.COLOL.CIVR.). Copies are available from Office of the Clerk, United States District Court for the District of Colorado, or through the District Court's web site: www.cod.uscourts.gov.

All out-of-state counsel shall comply with D.C.COLOL.CIVR. 83.3 prior to the Scheduling/Planning Conference.

DATED at Denver, Colorado, this 25th day of June, 2009.

                                         BY THE COURT:

                                         *s/Craig B. Shaffer*
                                         Craig B. Shaffer
                                         United States Magistrate Judge